NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    12-10072 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-08027-PGR-1 |
| v. | |
| SAMUEL JAMES SEYMOUR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

Before:  TALLMAN and WATFORD, Circuit Judges, and GUIROLA,** Chief
District Judge.

Samuel James Seymour appeals his convictions and sentence for crimes

involving sexual abuse of three minor children on the White Mountain Apache

Reservation in Arizona.  All of Seymour's convictions rely on the Indian Major

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Louis Guirola, Jr., Chief United States District Judge for the Southern District of Mississippi, sitting by designation.

Crimes Act (IMCA), 18 U.S.C. § 1153, which establishes federal jurisdiction over enumerated crimes committed by Indians against other Indians in Indian Country. At the close of the government's evidence at trial, Seymour moved without argument for a judgment of acquittal, which the district court summarily denied. On appeal, Seymour challenges the sufficiency of the evidence offered to prove the Indian status element of his crimes. *See United States v. Bruce*, 394 F.3d 1215, 1229 (9th Cir. 2005) ("Indian status is an essential element of a § 1153 offense which the government must allege in the indictment and prove beyond a reasonable doubt."). We have jurisdiction under 28 U.S.C. § 1291, and we must agree. We reverse and remand, directing the district court to enter judgment of acquittal. *See United States v. Cruz*, 554 F.3d 840, 851 (9th Cir. 2009).

The government fails to meet its burden under *United States v. Nevils*, 598 F.3d 1158 (9th Cir. 2010) (en banc), "where mere speculation, rather than reasonable inference, supports the government's case, or where there is a 'total failure of proof of [a] requisite' element" of the defendant's offense. *Id.* at 1167 (citation omitted) (quoting *Briceno v. Scribner*, 555 F.3d 1069, 1079 (9th Cir. 2009)). Here, the government did not produce any evidence that Seymour has "some quantum of Indian blood" as required for his convictions under the IMCA. *See United States v. Zepeda*, 792 F.3d 1103, 1106 (9th Cir. 2015) (en banc). To prove Seymour's Indian status, the government relies primarily on a "Tribal

Affidavit." The Tribal Affidavit is signed by a Tribal Enrollment Officer of the White Mountain Apache Tribe and states merely that Seymour is "an enrolled member of the White Mountain Apache Tribe," but says nothing about Seymour's Indian blood. *Cf. United States v. Reza-Ramos*, 816 F.3d 1110, 1121 (9th Cir. 2016) ("Reliable or undisputed documentation that a defendant has Indian blood . . . may meet [the blood-quantum] requirement."). The government offered no "testimony regarding [Seymour's] ancestry" or "evidence of a parent, grandparent, or great-grandparent [of Seymour's] who is clearly identified as an Indian." *See id.*

The government now contends that the Tribal Affidavit, along with other circumstantial evidence, proves Seymour's blood quantum when considered in light of the White Mountain Apache Tribe's constitution, which establishes criteria for tribal membership.[1] But without any evidence regarding the basis for Seymour's enrollment in the tribe,[2] or about Seymour's ancestry, even construing the facts in the light most favorable to the prosecution, we cannot say that any

---

[1] *See* White Mountain Apache Tribe Const. art. II (1993), *available at* http://www.wmat.nsn.us/ Legal/Constitution.html.

[2] The White Mountain Apache Tribe's constitution authorizes tribal membership for "persons of one-half (1/2) degree or more Indian blood," as well as for "persons who were qualified for and were accepted into membership" under the original, 1938 tribal constitution. White Mountain Apache Tribe Const. art. II, § 1 (1993). The 1938 constitution permitted tribal membership without imposing blood-quantum limits. *See* White Mountain Apache Tribe Const. art. II, § 1 (1938). No evidence of these tribal constitutional provisions was offered at trial.

3

rational trier of fact could find that Seymour has "some quantum of Indian blood." The other evidence offered to prove Seymour's Indian status, including, without defense objection, an FBI Special Agent's testimony that he believed Seymour was a tribal member, and the fact that Seymour's nephew was treated at an Indian hospital, is also insufficient when considered together to prove blood quantum. We are compelled to hold on this thin record that no rational jury could find beyond a reasonable doubt the blood-quantum element of Seymour's offenses, as required by our precedent. *See Zepeda*, 792 F.3d at 1106–07; *Bruce*, 394 F.3d at 1223–24.

Because the government failed to introduce sufficient evidence of Seymour's Indian blood quantum, the case is reversed and remanded to the district court with direction to enter judgment of acquittal. *See Cruz*, 554 F.3d at 851. We need not reach any other issues raised on appeal.

**REVERSED and REMANDED with directions.**